## JOHN MCINTYRE *et al.* agt. NATHANIEL L. GRISWOLD.

A demurrer to the whole of an amended declaration will be allowed, although issue may have been joined on some of the counts in the original declaration; and the amendment of the declaration was granted, specially, on application to the court, without leave given in the rule to plead or demur.

*April Term,* 1846.

MOTION by plaintiffs to take from the files of the court a demurrer, filed by defendant to the plaintiffs' amended declaration.

This suit was commenced by declaration about 25th July, 1843. Defendant's attorney pleaded the general issue to the first four counts of the declaration, and demurred to the fifth and sixth counts. Plaintiffs' attorney joined in demurrer, which was subsequently decided by this court in favor of the defendant with leave to plaintiffs to amend on the usual terms Plaintiffs did not avail themselves of the leave given to amend. The cause was noticed for trial by plaintiffs on the first four counts, for the King's circuit in Sept., 1843, and at every subsequent circuit to April circuit, 1845. At the last circuit the cause was brought on for trial, when objections were made to certain testimony offered on the part of the plaintiffs, on the ground that a certain contract, offered in evidence, did not, in its date and in certain other particulars, correspond with the statement in the declaration relating thereto; and thereupon a

juror was withdrawn. Plaintiffs' attorney moved, at the last December special term of this court, for leave to amend the declaration, which was granted so far only as to state the contract mentioned in the declaration truly and such other averments as might be necessary (if any) to make the other averments in the declaration correspond with the contract, when truly stated. In pursuance of the order of the court, an amended declaration was filed and copy served 22d January, 1846. Plaintiffs' attorney alleged that the amendments made to the original declaration were intended to be, and [*114] *he believes were in strict conformity to the order ; that the amendments did not in any way substantially affect the issue as formerly joined, and were such as to state truly a contract which was before substantially though informally and inaccurately stated ; that the contract did not form the basis of the action, but was stated only as a matter of inducement, showing the business and employment of the plaintiffs as builders of piers and bulkheads. On the 10th February, defendant's attorney served a demurrer to the whole amended declaration, with a notice to join in twenty days, &c.

Defendant's attorney stated that the amendments in the declaration related to the statement of a contract in relation to which the circuit judge was of opinion, was the substance of the case of the plaintiffs, and that the action was based upon the contract, so that a variance therein was fatal, and that upon the trial a misstatement of the contract was relied on to sustain the plea of the general issue, and such reliance was held well founded by the circuit judge. He also stated that when the plea was originally put in, he was less conversant with the matters in controversy in the suit than subsequently, and alleged that the proper defence of the suit on the merits required that the defendants should not be limited to the plea originally put in ; that the defendants should be permitted to present the questions of law, as the same are presented on the demurrers last put in.

Plaintiffs' counsel insisted that the rule in this cause, allow-

ing the plaintiffs to amend their declaration, gave no right to the defendant to plead *de novo ;* and that, without such right reserved in the rule, he could not so plead. 5 *Hill*, 556, *Barstow* agt. *Randall and McCormick.*

> M. T. REYNOLDS, *plaintiffs' counsel.*
> J. DIKEMAN, JR., *plaintiffs' attorney.*
> C. STEVENS, *defendant's counsel.*
> D. D. LORD, *defendant's attorney.*

BEARDSLEY, Justice. Had the defendant asked leave to demur to the declaration as amended, when leave to make such amendment was granted, it would have been allowed as a matter of course: and as the demurrer appears to have been put in in good faith, and is a proper mode of presenting the questions of law arising in the case, it should be allowed to stand. Let the plaintiffs join in demurrer within thirty days after service of this rule, the costs of this motion to abide the event of the cause. Rule accordingly.